UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IRENE GARCIA, ) | |
| ) | |
| Plaintiff, ) | Case No. CV 04-3312 AJW |
| ) | |
| v. ) | MEMORANDUM OF DECISION |
| ) | |
| JO ANNE B. BARNHART ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The procedural facts are summarized in the Joint Stipulation. [See JS 2]. Following an administrative hearing, plaintiff's application for SSI benefits was denied by Administrative Law Judge Walter J. Fisher (the "ALJ") in a written decision issued May 29, 2003. [AR 20-23]. The ALJ found that plaintiff had severe hypertension and degenerative joint disease that did not meet or equal a listed impairment. [AR 22]. The ALJ further found that plaintiff retained the residual functional capacity ("RFC") to lift and carry twenty pounds occasionally and ten

pounds frequently, and that she could not perform prolonged standing and walking. He determined that plaintiff's RFC did not preclude her from performing her past relevant work as an assembler. [AR 21]. The Appeals Council denied plaintiff's request for review of that decision. [AR 5-6].

## Statement of Disputed Issues

The disputed issues are whether the ALJ (1) properly determined that plaintiff's job as an assembler from April 1998 to September 1998 constitutes past relevant work; (2) properly determined that plaintiff can perform her past relevant work with the RFC he assigned; and (3) properly evaluated plaintiffs' RFC. [JS 3].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or if it is based on the application of incorrect legal standards. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097-1098 (9th Cir. 1999). Substantial evidence is more than a mere scintilla but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Tackett, 180 F.3d at 1098. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. at 401 (quoting Consolidated Edison Co. of New York v. N.L.R.B., 305 U.S. 197, 229 (1938)). The Court is required to review the record as a whole, and to consider evidence detracting from the decision as well as evidence supporting the decision. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

## Discussion

**Assembler job as past relevant work**

Plaintiff contends that the ALJ erred in determining that plaintiff's job as an assembler from April 1998 to September 1998 constitutes past relevant work because that work did not meet the definition of "substantial gainful activity." [See JS 3-6].

At step four, plaintiff bears the burden of showing that she does not have the residual functional capacity to engage in "past relevant work." 20 C.F.R. §§ 404.1520(e) & 416.920(e);

1  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  Past relevant work is work that the
2  claimant has done within the past 15 years, that was substantial gainful activity, and that lasted
3  long enough for the claimant to learn to do it. See 20 C.F.R. §§ 404.1560(b)(1), 404.1565,
4  416.960(b)(1) & 416.965.

5        Substantial gainful activity is work done for pay or profit that involves significant mental
6  or physical activities. 20 C.F.R. §§ 404.1571-404.1572 & 416.971-416.975. Earnings may
7  show that a claimant has engaged in substantial gainful activity, but earnings are not conclusive.
8  See 20 C.F.R. § 404.1574(a)(1) & 416.974(a)(1). For the years January 1990 through June
9  1999, monthly earnings averaging less than $300 generally show that a claimant has not
10 engaged in substantial gainful activity. 20 C.F.R. §§ 404.1574(b)(3) & 416.974(b)(3). For the
11 same period, monthly earnings averaging more than $500 generally show that a claimant has
12 engaged in substantial gainful activity. 20 C.F.R. §§ 404.1574(b)(2)(i) & 416.974(b)(2)(i). If
13 a claimant's average monthly earnings during that period fall between $300 and $500, however,
14 the Commissioner "will generally consider other information in addition to" earnings, such as
15 whether the work is comparable to the same or similar work performed by unimpaired people
16 as their livelihood in the claimant' s community and whether the work is "clearly worth"
17 amounts that would create a presumption of substantial gainful activity. See 20 C.F.R. §
18 404.1574(b)(6)(i)&(iii).

19       In her work history report, plaintiff stated that one of her past jobs was as an assembler
20 for "Plating Co." from April 1998 to September 1998. [AR 90, 94].  The ALJ expressly found
21 that plaintiff's RFC did not preclude her from performing that unskilled, sedentary job.  [AR
22 21, 23]. Plaintiff's other past jobs were light or medium, and therefore those jobs exceeded her
23 RFC for sedentary work as found by the ALJ. [See AR 20-21, 23].  This is a critical distinction
24 because plaintiff was 63 years old when the ALJ issued his decision (61 when she applied for
25 benefits), and the ALJ found that she had only a marginal education. [AR 20].  Therefore, if
26 plaintiff cannot perform her past relevant work, she ordinarily would be considered disabled
27 under the "grids" and the regulations concerning the very limited vocational adjustment
28 expected of persons over aged 55 who are restricted to sedentary work and have no transferable

skills.  See 20 C.F.R. § 404.1563(e) & 416.963(e) (defining advanced age); 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.00(d)-(f)(discussing the adversity of advanced age as a vocational factor) & Rule 201.01 (providing that a person over age 55 who has a limited education or less and unskilled past work experience is disabled).

The ALJ determined that plaintiff's work as an assembler from April 1998 to September 1998 was substantial gainful activity.  He did not discuss how he reached that conclusion, and he cited an exhibit (6D) that does not correspond to any numbered exhibit in the record. According to plaintiff's social security earnings record [AR 69-75], she earned $2,576.02 in 1998 from a job with Jenco Plating Inc. [AR 73].  Assuming that plaintiff began working at that job sometime in April 1998 and ended that job sometime in September 1998, as she stated on her work history report, she could have held that job between five and six months.  If she held the job for five months, her average monthly earnings for that period would be $515.20, slightly above the level of earnings presumptively showing substantial gainful activity.  If she held that job for six months, her average monthly earnings for that period would be $429.34, below the earnings presumptively showing substantial gainful activity but above the earnings presumptively showing no substantial gainful activity.  At this level, the regulations indicate that the ALJ ordinarily would undertake the inquiry into comparable work and other factors suggested in the regulations.

Plaintiff's entitlement to benefits hinged on the finding that her assembler job from April 1998 to September 1998 was substantial gainful activity.  If it was not, she undoubtedly would be entitled to benefits.  The evidence regarding plaintiff's average monthly earnings was ambiguous and precluded a determination whether her earnings created a presumption that she engaged in substantial gainful activity.  The ALJ did not discuss or resolve that ambiguity, and he did not explain how he took plaintiff's earnings into account, if at all.  Under these circumstances, the ALJ committed legal error.

**Plaintiff's ability to perform her past relevant work**

The ALJ found that plaintiff's past relevant work as she performed it was unskilled and

4

sedentary,[1] and therefore that her RFC did not preclude performance of that work. [AR 21 (citing Exhibit 3E/5)].

A claimant is "not disabled" if he retains the RFC to perform the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." SSR 82-61, 1982 WL 31387, at *2.  A claimant's testimony or properly completed vocational report are considered the most reliable sources of information about a claimant's past work as actually performed.  See Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001). Information from the Dictionary of Occupational Titles ("DOT"), or the testimony of a vocational specialist, may be used to ascertain the demands of an occupation as ordinarily required by employers throughout the national economy.  SSR 82-61, 1982 WL 31387, at *2.

Based on plaintiff's written work history report, the ALJ determined that plaintiff could perform her past relevant work as an assembler.  In her work history report, plaintiff wrote that she did no standing or walking in that job, sat for 8 hours, and lifted no more than ten pounds. [AR 94].  Although that information indicates that the job was sedentary, other statements on the form suggest that plaintiff did not remain seated for eight hours, but instead did some standing and walking.  For example, plaintiff wrote that she "often" had to place nuts and washers that were not dyed properly into a bucket and that she carried the buckets and put them on top of a pallet.  [AR 94].  Moreover, plaintiff's testimony was markedly inconsistent

---

[1]   To perform the full range of sedentary work, a claimant must be able to lift up to ten pounds at a time and must occasionally lift or carry articles like docket files, ledgers, and small tools.  Sedentary jobs involve walking and standing "occasionally," which means up to one-third of the time, typically about two hours during an eight-hour workday.  Sitting is required for about six hours during an eight-hour workday. Unskilled sedentary work also involves other "nonexertional" activities, such as the capacity for seeing, manipulation of objects, and understanding, remembering, and carrying out simple instructions. By its very nature, work performed primarily in a seated position does not entail significant stooping. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.  See 20 C.F.R. §§ 404.1567(a), 416.967(a); Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *3; SSR 83-10, 1983 WL 31251, at *5.

with some of the representations in her work history report. She testified that she had to retrieve and sort washers that had been dyed and put defective ones in buckets. Asked by her attorney how many hours she spent standing in an eight-hour day, she testified "Like five I think." [AR 38]. When counsel followed up by asking, "So you spent five hours standing and three hours sitting," plaintiff replied, "Yeah, or more standing. Really more standing." [AR 39]. When counsel then asked whether "it [was] mostly a standing job," plaintiff responded affirmatively. [AR 39]. Plaintiff also testified that the buckets of washers weighed between 15 and 20 pounds, and as high as 25 pounds if the bucket was full. [AR 39-40].

The ALJ did not mention plaintiff's testimony about her job duties at all, nor did he discuss the inconsistencies in her written job history report or between that report and her testimony. The ALJ did not evaluate the credibility of her vocational testimony, which ordinarily would be considered highly probative as to her job description. See Pinto, 249 F.3d 845. If plaintiff's testimony about her job duties is credited, that job would exceed her RFC because she is precluded from prolonged standing. The lifting requirements described in her testimony also are beyond the maximum weights contemplated for sedentary work. As already noted, the question whether can perform her past relevant work is dispositive in this case because of plaintiff's advanced age, education, and unskilled work history. As it stands, the ALJ's finding that plaintiff can perform her past relevant as an assembler work is not based on substantial evidence, and the ALJ erred in failing to explain how he assessed the credibility of plaintiff's testimony about her job duties

**RFC assessment**

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence because it mirrors the opinion of Dr. Ross, the consultative examiner, who did not review an MRI taken after he examined plaintiff. The MRI showed a lateral meniscal tear of the anterior horns superior surface, a small under surface tear of the posterior horn, small joint effusion, and minimal osteophytosis in the lateral knee compartment. [AR 152]. The ALJ, however, discussed the MRI findings in his decision, and he did not accept Dr. Ross's opinion that plaintiff could stand and walk for 3 to 4 hours a day. [AR 22, 132]. The ALJ provided reasons

based on substantial evidence, such as the nature and extent of plaintiff's treatment, to support his finding that plaintiff could not perform prolonged walking or standing but retained the RFC for sedentary work. [AR 22].

**Remedy**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000). In general, however, when the court reverses the decision of an administrative agency, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)).

The Ninth Circuit uses the following test, known as the "Smolen test," to determine whether evidence should be credited and the case remanded for an award of benefits:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (quoting Smolen, 80 F.3d at 1292). For purposes of applying the Smolen test, the court has discretion not to require that improperly rejected testimony be "credited as true." Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ; see Bunnell v. Barnhart, 336 F.3d 1112, 1115-1116 (9th Cir. 2003)(applying the Smolen/Harman remand test to hold that while the ALJ did not properly reject the opinions of the treating physicians or the claimant's subjective complaints and lay witness testimony, several "outstanding issues" remain to be resolved, including "if she is disabled, the timing and duration of her disability," whether the ALJ "must credit her testimony as true,"and whether, according to a vocational

expert, there was alternative work the claimant could perform with all of the limitations supported by the record).

In this instance, remand "for additional investigation or explanation," Moisa, 367 F.3d at 886, is appropriate to resolve the outstanding issues whether plaintiff's past work as an assembler from April 1998 to September 1998 constituted substantial gainful activity, what that job as plaintiff performed it actually entailed, and whether that job is within plaintiff's RFC as found by the ALJ.

## Conclusion

For the reasons stated above, the Commissioner's decision is **reversed**, and this case is remanded to the Commissioner for further proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

DATED: August 5, 2005

/S/

_____
ANDREW J. WISTRICH
United States Magistrate Judge